UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEB BIOCHEMICAL, USA, a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA TAGLIENTE, an individual, and 77ECS, LP d/b/a ELITE CONSULTING SERVICES,<br><br>　　　　　　　Defendants. | No.  1:24-CV-00905-KES-SKO<br><br>ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE, GRANTING IN PART MOTION FOR PRESERVATION OF EVIDENCE, AND SETTING STATUS CONFERENCE<br><br>(Doc. 5) |

On August 20, 2024, at 1:30 pm in Courtroom 6 on the 7th floor of the Robert E. Coyle United States Courthouse, the court held a hearing on plaintiff AEB Biochemical USA's ("AEB's") application for a temporary restraining order and order to show cause why the court should not issue a preliminary injunction, and for an order for preservation of evidence and expedited discovery. Doc. 19. All parties appeared at the hearing on August 20, 2024. Doc. 19. Defendant Victoria Tagliente appeared pro se and defendant 77ECS, LP d/b/a Elite Consulting Services ("77ECS") appeared through counsel.[1]  *Id.*  Neither defendant filed an opposition. At

---

[1] With the court's permission, attorney Ryan Barack, a lawyer in good standing with the Florida Bar whom defendant 77ECS had retained shortly before the hearing, appeared for 77ECS for the limited purpose of the August 20, 2024 hearing, on the representation that a motion for admission pro hac vice would be filed following the hearing.

1

the hearing, the court denied AEB's application for a temporary restraining order and order to show cause but granted in part the motion for preservation of evidence. Additionally, the parties on the record (1) agreed that Tagliente would produce an iPad in her possession for examination by a neutral third-party forensic analyst, and that the court should reflect that in its order, and (2) agreed to defer further briefing or consideration of AEB's request for expedited discovery, pending a status conference set before the court on September 25, 2024, at 10:00 a.m. The court therefore enters the order below. Other than as set forth below with respect to the preservation of evidence, the court denies AEB's application.

## I.     Background

AEB is a biotechnology company that has cultivated a portfolio of yeasts, nutrients, enzymes, fining agents, haze stabilizers and antioxidants, in addition to equipment and accessories, for use by other companies in the oenology, brewing, and food sector. Bertaccini Decl. ¶ 2, Doc. 5-6. Defendant Tagliente was the office manager of AEB's California office from November 2020 until April 22, 2024. *Id.* ¶ 10. AEB alleges that Tagliente created 77ECS with another former AEB employee, Sean Shuck Smith. Bertaccini Decl. ¶¶ 10, 19, 38; Ex. 9 ("Ex. Certificate Ltd. P'ship"), Doc. 5-16; Ex. 13 ("Ex. Notice Dep."), Doc. 5-20; Ex. 14 ("Ex. Fresno Fictitious Bus. Name"), Doc. 5-21.

On August 5, 2024, AEB filed a complaint asserting, among other allegations, that Tagliente used her role at AEB to defraud the company of approximately $180,000 through a number of transactions, misappropriated the company's trade secrets, created her own competing venture with Smith, and hamstrung AEB's operations by deleting important data from electronic devices she took with her when she resigned. *Id.* ¶ 10. AEB asserts eight claims against defendants Tagliente and 77ECS: (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*; (2) computer crimes in violation of California Penal Code § 502(c); (3) trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*; (4) threatened and actual trade secret misappropriation under California Civil Code § 3426; (5) fraud; (6) conversion; (7) violation of California Penal Code § 496(c); and (8) unfair competition in violation of Business and Professions Code § 17200 *et seq.* Compl. ¶¶ 83–166,

Doc. 1.

On August 9, 2024, AEB filed its ex parte application for a temporary restraining order and order requiring defendants to show cause as to why the court should not issue a preliminary injunction, and for an order requiring defendants to preserve evidence and permitting expedited discovery.  TRO Mot., Doc. 5.  The court set a deadline of August 16, 2024 for defendants to file any oppositions, with AEB's reply due on August 19, 2024.  Doc. 9.  The court held a hearing on AEB's application on August 20, 2024, at 1:30 p.m.  Doc. 19.

The following is a brief summary of AEB's factual allegations:  AEB alleges that Tagliente deleted files critical to the company's business operations, including all the files on her company-owned computer and her company email and all the backup files in the company Dropbox account.  Rivò Decl. at ¶¶ 9–11, Doc. 5-5.  AEB asserts that the deletion of files has made it difficult to evaluate how much is truly missing and has handicapped the company's business operations.  Mem. P. & A. Supp. TRO at 7, Doc. 5-3.  AEB further contends that Tagliente took company property with her after her resignation: a company-issued laptop, iPad, Apple Watch, and cell phone, all of which contained important company documents, including trade secrets and other confidential and proprietary information.  Rivò Decl. at ¶¶ 6; Ex. 10 ("Rivò Response"), Doc. 5-17; Ex. Venmo Transactions.  AEB demanded that Tagliente return everything by May 17, 2024, but she did not do so and claimed to have wiped the data from everything but the iPad.  Rivò Decl. at ¶¶ 20–24; Ex. 8 ("Tagliente Response"), Doc. 5-15.  On June 28, 2024, after AEB threatened to take legal action, Tagliente retuned everything but the iPad.  *Id.* ¶¶ 28–30.  The iPad remains in Tagliente's possession.  *Id.* ¶ 30.  AEB alleges that Tagliente is using its trade secrets and other proprietary information to build her own competing business, 77ECS.  Mem. P. & A. Supp. TRO at 6–7.

Although neither defendant filed an opposition, AEB filed a reply on August 19, 2024, and included as an exhibit an email dated August 16, 2024, from Tagliente to AEB's counsel.  Ex. 22 ("Ex. Tagliente Opp'n Email"), Doc. 17-6.  In the email, Tagliente noted that she had not retained counsel and set out her account of the facts.  *See id.*  Tagliente disputed or provided context for most of AEB's factual contentions and denied any wrongdoing.  *See id.*  She stated

3

1 that the iPad was a personal gift to her from Smith, who was her manager at the time, and was not
2 company property and had never contained any AEB files or data.  *See id.*  In its reply, AEB did
3 not provide further evidence that the iPad was company property or that it contained AEB's
4 confidential information.  *See generally* Reply, Doc. 17; Doc. 5.  At the hearing, Tagliente
5 maintained that the iPad had never contained any AEB information, and she offered to make the
6 iPad available for forensic review as requested by AEB.

**II.     Conclusion and Order**

For the reasons stated on the record, the court denies AEB's application for a temporary restraining order and order to show cause, but grants in part the motion for preservation of evidence.  TRO Hr'g Tr., at 10:2–12:19, 14:8–14:15, 17:3–23:22, 30:20–34:10, Aug. 20, 2024.

Additionally, as noted on the record at the hearing, the parties agreed that defendant Tagliente would submit the iPad for examination by a neutral third-party forensic analyst to determine whether it contains any of AEB's confidential information or evidence regarding such data.  *Id.* at 17:10–23:22.  This order reflects that agreement.  Given this development, and to allow the parties time to attempt to resolve any remaining disputes in this matter, the parties also agreed to defer further briefing and consideration of plaintiff's motion for expedited discovery until after the status conference set for September 25, 2024, at 10:00 a.m.  *Id.* at 27:4–30:6, 36:10.

Based upon the foregoing:

1. Plaintiff AEB's application for a temporary restraining order and order to show cause, Doc. 5, is DENIED.
2. Plaintiff AEB's motion for an order preserving evidence, Doc. 5, is GRANTED IN PART, as follows:
   a. Defendants Tagliente and 77ECS are ordered to preserve any of plaintiff AEB's confidential, proprietary, and/or trade secret information (collectively, "confidential information"), regardless of where stored or copied, and are prohibited from deleting or manipulating any confidential information or other data copied or taken from AEB that defendants or their agents have uploaded

and/or stored using any computer, USB device(s), external hard drive, and/or cloud-based storage account, or any other software or hardware of any kind.

b. Defendant 77ECS and plaintiff AEB are ordered to preserve all banking and accounting records, including all records of payroll, checks received or paid, and invoices, since January 1, 2020.

c. By August 23, 2024, defendant Tagliente shall make the disputed iPad available to a neutral third-party forensic analyst, as identified by AEB's counsel at the hearing on August 20, 2024, to forensically image the iPad to (1) preserve evidence; (2) verify if the iPad contains AEB's confidential information; and (3) determine whether the iPad contains any evidence of the use, copying, or transmission of AEB's confidential information, or of defendants' possession, custody, or control of such confidential information. The analyst shall not provide any information to AEB from the iPad that is unrelated to AEB's confidential information.  The analyst shall provide to AEB, through AEB's counsel, a copy of any AEB confidential information located through such forensic analysis and any material reflecting or relating to the acquisition, copying, manipulation, transport, or use of AEB's confidential information.

d. The analyst shall not disclose to AEB anything other than AEB's confidential information or material related to defendants' acquisition, copying, manipulation, transport, or use of such information.  The information that shall not be disclosed to AEB includes, but is not limited to, the following: (1) privileged information between Tagliente and her attorney, if any; (2) information subject to other confidentiality obligations that defendants may have to other third parties; or (3) personal information of either Tagliente or her family members.  To ensure nothing other than AEB's confidential information is provided to AEB, any such files or folders identified by the forensic analyst will first be sent to Tagliente (or her counsel if retained), and

5

        Tagliente will have ten (10) days to review such data. If Tagliente believes that any such data contains anything other than AEB's confidential information, Tagliente will serve a privilege log on AEB's counsel identifying why the record is privileged and should not be produced to AEB. The parties will then work together in good faith to resolve any disputes over whether AEB's confidential information can be disclosed without sharing any non-confidential information. Should the parties fail to come to an agreement regarding any such materials, those materials may be submitted to the court for in camera review (except for any documents protected by the attorney-client privilege).

    e. If, upon completion of the forensic review, the iPad does not contain any evidence regarding AEB's confidential information as described above, the neutral third-party forensic analyst shall return the iPad to Tagliente in the same condition in which it was received and shall not retain any copy of the iPad data. If the iPad is found to contain evidence of AEB's confidential information, the analyst shall retain the iPad pending further order of the court. However, in either event, AEB and Tagliente may also stipulate to the appropriate disposition of the iPad without the need for any further order of the court.

3. A status conference is set for September 25, 2024, at 10:00 a.m. before District Judge Kirk E. Sherriff in Courtroom 6 of the Robert E. Coyle United States Courthouse. If the parties wish to appear by videoconference, they shall contact courtroom deputy Victoria Gonzales at vgonzales@caed.uscourts.gov.

///
///
///
///
///

6

4. Plaintiff's counsel is directed to serve defendants with a copy of this order and to file a proof of service on the docket.

IT IS SO ORDERED.

Dated:   August 21, 2024

_____
UNITED STATES DISTRICT JUDGE