# UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEB BIOCHEMICAL USA, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA TAGLIENTE, an individual; and 77ECS, LP dba ELITE CONSULTING SERVICES,<br><br>Defendants. | No. 1:24-cv-00905-KES-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS**<br><br>**(Doc. 23)** |

## I.  INTRODUCTION

On September 25, 2024, the parties filed a request seeking Court approval of their Stipulation and Protective Order. (Doc. 23).  The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted.  For the reasons set forth below, the Court DENIES without prejudice the parties' request to approve the stipulated protective order.

## II.  DISCUSSION

Pursuant to Local Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1)  A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

1

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

The parties' order, in its current form, does not satisfy Rule 141. The proposed protective order does not provide an adequate description of the type of information eligible for protection in a way that is sufficient to reveal the nature of the information. (*See, e.g.,* Doc. 23 at 3 (defining confidential information as "non-public Discovery Materials that the 'Designating Party' in good faith believes qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure,"); (defining highly confidential" information as "non-public Discovery Materials that the 'Designating Party' in good faith believes contain highly-sensitive information, the disclosure of which could cause substantial harm to the designating Party or any other person, including but not limited to trade secrets or confidential financial information."). At its most descriptive, the proposed protective order extends to trade secrets and "other confidential financial information." This does not satisfy Local Rule 141.1(c) either, as the order extends to information "including, but not limited to," trade secrets and financial information, and therefore, the order does not sufficiently identify the types of information eligible for protection.

The parties also fail to identify a "particularized need for protection," and why that "the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." Without this information, the Court cannot grant the parties' stipulation (Doc. 23), and it will be denied without prejudice. The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of their stipulated protective order (Doc. 23) is DENIED without prejudice subject to renewal of the request.

IT IS SO ORDERED.

Dated:     **September 26, 2024**                         /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE